OTTO O. LEE (CA Bar No. 173987)
YULIA POGODINA (CA Bar No. 229290)
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, CA 95113
Telephone: (408) 286-8933
Fax: (408) 286-8932
Email: olee@iplg.com

Attorneys for Defendant
HAOSHEN TRADING CO., LTD.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BESPAQ CORP.<br><br>Plaintiff,<br><br>vs.<br><br>HAOSHEN TRADING CO., LTD, et al<br><br>Defendant. | Case No.: C-04-3698-PJH<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Phyllis J. Hamilton |

## INTRODUCTION

Defendant, HAOSHEN TRADING CO., LTD (hereinafter "Defendant" or "Haoshen") has been incorporated since 2002, and has been in the business of manufacturing and selling miniature furniture products since March 2004. BESPAQ CORP. (hereinafter "Plaintiff" or "Bespaq") has filed a complaint and motion for a Temporary Restraining Order ("TRO") against Defendant. This is Defendant's opposition to Plaintiff's motion for Temporary Restraining Order. Defendant requests this Court to deny the TRO because there is no urgency that would give rise to any threat of immediate irreparable harm to Plaintiff.

MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; CASE NO.: 3:04-CV-03698-PJH

1

**REQUIREMENTS FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER**

There are two tests for granting TRO in the Ninth Circuits and Plaintiff has not established the factors required to obtain this relief: both tests focus on the following factors, namely:

1. A substantial threat that Plaintiff will suffer irreparable injury if the injunction is denied;
2. The lack of a likelihood of success on the merits;
3. The threatened injury outweighs any damage the injunction might cause to Defendant;
4. The injunction will not disserve the public interest.

The moving party bears the burden to persuade the court the existence of all four factors, where in this case has not been demonstrated.

**ARGUMENTS**

Defendant in opposition to Plaintiff's Ex–Parte motion for Temporary Restraining Order pleads and avers as follows:

**1.     Preliminary Injunction should not be granted because there is no immediate threat of irreparable injury to Plaintiff.**

**A.     Lack of Imminency of Threatened Harm**

A plaintiff seeking Temporary Restraining Order bears the burden of proof of showing that there is an immediate threatened harm. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff has procrastinated for at least six months in filing the copyright application and also the instant suit. It first became aware of Defendant selling competitive miniature furniture products in March 2004 and sent a cease and desist letter on April 8, 2004. Plaintiff delayed until August 17, 2004 to file a copyright application. By Plaintiff's attorney's own admission, Plaintiff obtained a copyright registration through expedited filing in order to file a complaint on September 3, 2004 in the Federal Court. If time were of the essence, Plaintiff should have applied for copyright application at least as early as in March 2004 to obtain copyright registration and filed a complaint back in April 2004. Such delay by Plaintiff clearly demonstrates the lack of immediate harm to justify the granting of a Temporary Restraining Order.

MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; CASE NO.: 3:04-CV-03698-PJH

2

1  In fact, even without the copyright registration, Plaintiff could have filed a complaint in the
2  California State Court in order to prevent Defendant from selling the alleged products if there was
3  any such immediate harm. However, Plaintiff did not show any such urgency by filing a complaint in
4  the state court at the time it first became aware of Defendant's similar products. Furthermore,
5  Haoshen has stopped distributing catalogues containing photographs similar to Plaintiff's products as
6  of April 2004. See declaration of Lilly Y. Zhang attached as Exhibit 1.

7  Further, there is no immediate harm to Plaintiff due to the publication of Defendant's
8  advertisement in MINIATURE COLLECTOR magazine because the advertisement neither contains
9  any photographs of miniature products similar or identical to Plaintiff's. The advertisement has been
10 running for the past two weeks in the October edition of the magazine, and has not resulted in any
11 increased sales or customers for Defendant. Defendant has received only two inquiries from
12 prospective customers. See declaration of Lilly Y. Zhang attached as Exhibit 1 containing a copy of
13 the advertisement.

14 Therefore, Plaintiff has failed to show the urgency to justify a Temporary Restraining Order.

### B.  Lack of Irreparable Injury

17 A plaintiff seeking a temporary restraining order or preliminary injunction "must demonstrate
18 potential harm which cannot be redressed by a legal or equitable remedy following trial. The
19 preliminary injunction must be the only way of protecting the plaintiff from such harm." Campbell
20 Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91.

21 Defendant has been in the business of selling miniature furniture only since March 2004, and
22 has stopped distributing catalogues containing photographs allegedly identical to the Plaintiff's
23 designs since it received the cease and desist letter from Plaintiff sent on April 8, 2004. During this
24 six-month period Defendant did not make any significant sales so as to put the Plaintiff out of
25 business or cause irreparable injury to Plaintiff. The total gross sales since March 2004 is less than
26 $8,000. Therefore, this would hardly pose an immediate threat to Plaintiff as to cause the closure of
27 Plaintiff's business as alleged in the motion. See declaration of Lilly Y. Zhang attached as
28 Exhibit 1.

In addition, Defendant has not acquired any business or customers by running its

MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; CASE NO.: 3:04-CV-03698-PJH

3

1  advertisement in the October edition of the trade magazine, MINIATURE COLLECTOR, so as to
2  cause any irreparable injury to Plaintiff.  Since the publication of the advertisement, Haoshen has
3  only received two inquiries from prospective customers about its products.
4        The one page Advertisement merely contains Haoshen's name and a photograph of Haoshen's
5  products and has no mention of any pricing so as to indicate to the prospective clients that it sells
6  products substantially below Plaintiff's price as alleged by Bespaq.  Furthermore, no mention of the
7  name Bespaq appears anywhere in the advertisement.  Therefore, it is unlikely that the advertisement
8  would cause any substantial monetary damages or irreparable injury to the Plaintiff.
9        For the sake of argument, even if Defendant has incurred any injuries, they are compensable
10 by monetary damages available in the ordinary course of litigation and therefore do not justify such a
11 drastic remedy.
12
13 **2. The hardship caused to Defendant outweighs the threatened injury to Plaintiff.**
14       A plaintiff must demonstrate that hardships tip decidedly in its favor, and the word
15 "decidedly" means that burden remains with Plaintiff to demonstrate the quantum of harm that has
16 traditionally been required to justify issuance of preliminary injunction.  <u>CBS, Inc. V. Tucker</u>, 412 F.
17 Supp. 1222 (SDNY 1976).
18       Haoshen is a new participant in the market of miniature furniture and started its business in
19 March 2004.  During the past six months Haoshen has expended significant amount of effort, time,
20 and money to establish itself, develop new designs, and make its presence known to the customers.
21 The temporary restraining order will cause substantial harm to Haoshen because it will prevent it
22 from fulfilling the orders which it has entered into with its prospective customers, tarnish its image
23 and cause great harm in its ability to acquire new customers.
24       The total sale from March to August 2004 has been less than $8,000 - which is hardly likely
25 to cause any irreparable damage to Plaintiff or to wipe out its business.  However, these sales are
26 significantly important to Defendant because they allow Defendant to recover some portion of its
27 investment and to keep the miniature furniture line of business afloat.  See declaration of Lilly Y.
28 Zhang attached as Exhibit 1.  Therefore, the hardship caused to Haoshen outweighs any potential

MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; CASE NO.: 3:04-CV-03698-PJH
4

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

1  injury to Plaintiff

2  **3.    Defendant is unlikely to succeed on the merits of the case because Plaintiff's work is not**
3  **copyrightable.**

4        To obtain a preliminary injunction, Plaintiff must show that it is likely to prevail on the
5  merits.  Plaintiff's miniature furniture products are not copyrightable because they are mere
6  miniaturized replicas of original works in the public domain.  Plaintiff's work does not contain any
7  substantial creative and artistic modifications so as to render its work an original work to be
8  copyrightable.  Plaintiff cannot monopolize the idea of manufacturing miniature furniture copied
9  from designs already existing in the public domain for over hundreds of years.

10        In <u>Allegrini et al v. De Angelis et al</u>, 59 F. Supp. 248; 1944 U.S. Dist. Lexis 1604; 64
11  U.S.P.Q. 165 the court ruled that the copyright owner could not acquire an exclusive right to the
12  conception expressed in his work as to preclude others from availing themselves of any part of the
13  general contribution of prior artistic production.   If the same idea can be expressed in different
14  manners, the existence of a similarity of composition will not constitute an infringement.  Thus,
15  Plaintiff's miniature furniture products are not copyrightable features because such designs and
16  features are commonly found in the public domain.  In <u>Country Kinds 'N City Slicks v. Sheen,</u> 77
17  F.3d 1280 (10th Cir., 1996), the court ruled that the medium, size and shape of Plaintiff's dolls were
18  not copyrightable features because copyright protection extends only to artistic aspects, but not to
19  mechanical or utilitarian features.

20        Therefore, Plaintiff is unlikely to succeed on the merits of the case because Defendant has not
21  infringed upon Plaintiff's alleged copyright in its miniature furnishings.

22

23  **4.    The temporary restraining order does not serve public interest.**

24        Where public interest is involved, court must also determine whether public interest favors the
25  moving party.  <u>Sammartano v. First Judicial Dist. Ct., in & for County of Carson,</u> 303 F.3d 959, 974
26  (9th Cir. 2002).

27        The temporary restraining order will cause significant harm to the public who will be denied
28  access to Haoshen's products and Haoshen's existing customers who will not be able to finalize the

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

sale agreements already entered into with Defendant.

## CONCLUSION

WHEREFORE, Haoshen prays that this motion for temporary restraining order be denied and that Defendant be granted costs incurred in defending this TRO.

Respectfully submitted,<br>
INTELLECTUAL PROPERTY LAW GROUP LLP

Date: _____          By: ___s/ Otto Lee_____
                                     Otto O. Lee
                                     Yulia Pogodina
                                     Attorneys for Defendant,
                                     Hao Shen Trading Co., Ltd.

MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; CASE NO.:  3:04-CV-03698-PJH

6