1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   WARREN KRAUSS  Bar No. 49568
2  JAMES YUANXIN LI  Bar No. 135128
   One Embarcadero Center, 16th Floor
3  San Francisco, California 94111-3628
   Telephone: (415) 781-7900
4  Facsimile: (415) 781-2635

5  OTTO O. LEE (California State Bar No. 173987)
   YULIA POGODINA (California State Bar No. 226290)
6  MARIE GRACE CAPUYAN (California State Bar No. 226862)
   INTELLECTUAL PROPERTY LAW GROUP LLP
7  12 South First Street, Twelfth Floor
   San Jose, California 95113
8  Telephone: (408) 286-8933
   Facsimile: (408) 286-8932

9  Attorneys for Defendants
10 HAOSHEN TRADING CO., LTD.
   and GERALD J. FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BESPAQ, Corp., <br><br> Plaintiff, <br><br> v. <br><br> HAO SHEN TRADING CO., LTD. dba SHANGAI HANSON INDUSTRIAL CO., LTD. dba HANSSON Inc., dba, HAOSHEN; ANHWEIN HUAMEI ART PRODUCT CO., LTD dba ANHUI ART PRODUCTS; GERALD FORD dba MINIATURE FURNITURE; AND DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. C-04-3698-PJH <br><br> **NOTICE OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** <br><br> JUDGE: Judge Phyllis J. Hamilton <br> DEPT: Courtroom 3, 17th Floor <br> DATE: December 22, 2004 <br> TIME: 9:00 a.m. |

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 22, 2004, at 9:00 a.m., or as soon thereafter as can be heard, in Courtroom 3, 17th Floor, of the United States District Court, Northern District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendants HAOSHEN TRADING CO., LTD. and GERALD J. FORD ("Defendants") will and hereby do move this court for:

An order dismissing Claims 1 to 5 and 8 Plaintiff's complaint on the ground that the Complaint fails to state claims upon which relief can be granted. In the alternative, Defendant seeks an order for a more definite statement for these Claims on the ground that the Claims are so vague or ambiguous that Defendants cannot reasonably be required to frame a responsive pleading.

This motion is based on Federal Rules of Civil Procedure §12(b)(6), and §12(e), the accompanying memorandum of points and authorities, the declaration of James Yuanxin Li, the papers, records, and pleadings on file in this action, and upon such other and further oral and documentary evidence and argument that may be presented by defendants as the court may deem appropriate. Judicial Notice is requested of the Court's files in the case, in particular the pleadings submitted by Plaintiff in support of its motion for temporary restraining order and for preliminary injunction. Judicial Notice is also requested of the Copyright Office's "Deposit Requirements for Registration of Claims to Copyright in Visual Arts Material," Circular 40A, attached hereto as Exhibit A.

Dated: November 10, 2004                SEDGWICK, DETERT, MORAN & ARNOLD LLP

By _____
James Yuanxin Li
Attorneys for Defendants HAOSHEN TRADING CO., LTD. and GERALD J. FORD



SEDGWICK, DETERT, MORAN & ARNOLD LLP
WARREN KRAUSS  Bar No. 49568
JAMES YUANXIN LI  Bar No. 135128
One Embarcadero Center, 16th Floor
San Francisco, California 94111-3628
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

OTTO O. LEE (California State Bar No. 173987)
YULIA POGODINA (California State Bar No. 226290)
MARIE GRACE CAPUYAN (California State Bar No. 226862)
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Defendants
HAOSHEN TRADING CO., LTD.
and GERALD J. FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BESPAQ, Corp., | CASE NO. C-04-3698-PJH |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| HAO SHEN TRADING CO., LTD. dba SHANGAI HANSON INDUSTRIAL CO., LTD. dba HANSSON Inc., dba, HAOSHEN; ANHWEIN HUAMEI ART PRODUCT CO., LTD dba ANHUI ART PRODUCTS; GERALD FORD dba MINIATURE FURNITURE; AND DOES 1-100, inclusive, | JUDGE: Judge Phyllis J. Hamilton<br>DEPT: Courtroom 3, 17th Floor<br>DATE: December 22, 2004<br>TIME: 9:00 a.m. |
| Defendants. | |

SF/1218377v1

-1-
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT
Bespaq v. Hao Shen Trading, Case No. C-04-3698-PJH

-2-

Defendants HAOSHEN TRADING CO., LTD. and GERALD J. FORD ("Defendants") respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss or, in the Alternative, or for a More Definite Statement.

## I. BACKGROUND.

This litigation apparently arises primarily out of a family dispute. See, Chang Decl. in Support of Ex Parte Motion for TRO and Preliminary Injunction, ¶¶6-14. After Plaintiff BESPAQ CORP. ("Plaintiff" or "Bespaq") began to face competition in the miniatures market (see, Cpt., ¶36), it filed a "copyright registration for the year 2000 catalogue" on August 20, 2004 (see, Cpt., 8/20/04 Registration for Fall 2000 catalogue, Exh. 2). This is the only copyright registration at issue in the Complaint.

## II. ARGUMENT.

### A. As a Matter of Law, Claim 1 to 5 and 8 Must be Dismissed.

Under Federal Rule of Civil Procedure 12(b)(6) a district court must dismiss a complaint as a matter of law if it fails to state a claim for which the court could grant relief. See, Fed.R.Civ.P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) [legally insufficient complaint is properly dismissed where, based upon the allegation in the complaint, plaintiff can prove no set of facts in support of his claim that would entitle him to relief]. In the Ninth Circuit, a complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. See, Balistreri v. Pacifica Police Department, et al., 901 F.2d 696, 700 (9th Cir. 1988) [affirming district court's dismissal of pro se litigant's due process claim because plaintiff failed to plead a "special relationship" that would give rise to a police duty toward plaintiff].

In the alternative, if the claims are not dismissed, Plaintiff should be ordered to provide a more definite statement as the claims at issue are "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. Proc., § 12(e).



SF/1218377v1   -2-
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT
Bespaq v. Hao Shen Trading, Case No. C-04-3698-PJH

1. **Claim No. 1: Plaintiff Fails to State Facts to Maintain a Claim for Copyright Infringement.**

Plaintiff alleges that it has a registered copyright for each of the 366 pieces of miniature furniture and objects shown in Exhibit 1 to the Complaint merely by registering a catalogue and even though it failed to comply with the formalities of registration. For example, the deposit requirements for registration mandated that the "identifying material . . . must not be less than 3-inch by 3-inch and not more than 9-inch by 12-inch . . . . The image of the work should show clearly the entire copyrightable content of the work." See, Copyright Office's "Deposit Requirements for Registration of Claims to Copyright in Visual Arts Material," Circular 40A, Exh. A.

Plaintiff has failed to comply with the Copyright Office's deposit requirements. All of the individual pieces of miniature furniture are shown much smaller than 3-inches square. There are no clear details showing the alleged "copyrightable content" of the work so Defendants are left in the dark as to what is being asserted. Plaintiff's copyright infringement claims should be dismissed due to its failure to obtain a proper registration for its miniatures. As it admits, it only has "copyright registration for the year 2000 catalogue" on August 20, 2004 (see, Cpt., 8/20/04 Registration for Fall 2000 catalogue, Exh. 2 [emphasis supplied]).

However, even assuming arguendo that Plaintiff's copyright is not just of the catalogue and that it has successfully copyrighted the 366 miniatures shown in Exhibit 1 of the Complaint, the copyright infringement claim still fails because Plaintiff does not set forth what precisely is copyrighted and what is alleged to be infringed. "In order to plead a cause of action for copyright infringement, a plaintiff must allege: (i) which original works are the subject of the copyright claim; (ii) that the plaintiff owns the copyrights in those works; (iii) that the copyrights have been registered in accordance with that statute; and (iv) "by what acts during what time" the defendant infringed the copyright." Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., 155 F. Supp. 2d 1, 23 (S.D.N.Y. 2001).

Plaintiff fails to provide any information as to which of the 366 miniatures in Exhibit 1 are alleged to have been infringed. Further, all of Defendants' acts described in the Complaint (for

-3-

SF/1218377v1   MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT
Bespaq v. Hao Shen Trading, Case No. C-04-3698-PJH

which a date is alleged) all predate the August 20, 2004, copyright registration--which is a prerequisite to bring a copyright infringement action. 17 U.S.C. §411.

For example, the allegedly infringing catalogue was obtained by Bespaq's vice-president, Pit Ginsburg, in March 2004. See, Ginsburg Decl. in Support of TRO and Preliminary Injunction, ¶16. In summary, Plaintiff's allegations are so vague and ambiguous that Defendants are unable to frame a responsive pleading. As a matter of law, the Complaint is insufficient to permit any copyright infringement claims to be maintained against Defendants.

Plaintiff seeks to punish Defendants for alleged willful wrongdoing. However, at the same time, it refuses to tell Defendants in the Complaint which items are alleged to have been infringed and when. Even with a magnifying glass (because some of the allegedly copyrighted objects are only 1/16" to 1/8" in size in the pictures), Defendants are unable to tell what copyrightable elements are being claimed in the miniature pieces shown in Exhibit 1. The copyright claim should be dismissed or, in the alternative, Plaintiff should be ordered to amend its complaint to set forth the legally required detail as to what is alleged to be copyrighted, what is alleged to be infringing, and when Defendants are supposed to have done these infringing acts.

### 2. Claim No. 5: Plaintiff Fails to State Facts to Maintain a Claim for Trademark or Trade Dress Infringement.

Plaintiff's trademark infringement claim is based upon a bare allegation that Defendants have infringed Plaintiff's "trademark rights in the unregistered 'BESPAQ' word mark." See, Cpt., ¶89. However, nowhere in the complaint does Plaintiff allege any facts to support any allegation that Defendants have ever used the "BESPAQ" word mark. No such facts are alleged because the facts do not exist.

Plaintiff's trade dress is defined in the Complaint as being "[t]he overall shape and appearance of the miniature dollhouse furnishings and the manner in which they are presented and shown in Plaintiff's catalogue." See, Cpt., ¶15, p. 4:10-11. However, nowhere in the Complaint does Plaintiff set forth the precise unique non-functional attributes of its product line that constitute its trade dress.



Plaintiff alleges that its trade dress is "readily recognizable." See, e.g., Cpt., ¶15, p. 4:12. However, nowhere in the Complaint (or, for that matter, in any of the other pleadings it has filed so far) does it describe what this "readily recognizable" trade dress is that is supposed to be so unique.

Plaintiff seeks to shut down Defendants businesses, obtain compensatory and punitive damages, and even attorneys fees without ever having to define its protectable trade dress. The Complaint fails to state sufficient (or, more accurately, any) facts to support the trademark and trade dress infringement claims. Accordingly, the Fifth Claim for common law trademark and trade dress infringement infringements should be dismissed. In the alternative, Plaintiff should be ordered to amend its Complaint to set forth legally sufficient facts to support this claim.

### 3. Claim Nos. 2, 3, and 4 Must Also Be Dismissed Because They are Derivative of the Copyright and Trademark Infringement Claims.

Plaintiff's claims for Infringing Importation, violation of the Lanham Act, and Unfair Competition are all premised upon it successfully stating claims for Copyright Infringement and/or Trademark/Trade Dress infringement. Because it has failed to properly set forth any legally cognizable theory of such infringements in the Complaint, these derivative claims must also fail and so should be dismissed.

### 4. Claim No. 8: Plaintiff Fails to State Facts to Support a Trade Secret Misappropriation Claim.

In the Complaint, Plaintiff specifically alleges that "[i]n the case of HAOSHEN, it misappropriated customer lists, pricing information, and marketing strategies. In the case of FORD, he misappropriated customer lists and prices." Cpt., ¶106, p. 21:12-13. However, there is absolutely no factual support or even attempt to state any allegation in the Complaint to back up these two bald assertions.

A basic requirement for a trade secret misappropriation claim is that the alleged wrongdoer must have "acquired" the trade secret in the first place. See, e.g., Cal. Civ. Code, §3426.1(b)(1). Here, there is no allegation that these particular alleged trade secrets were ever passed from defendant Anhwei (assuming that it even had any trade secrets) to Defendant Haoshen or Ford.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1218377v1

-5-
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT
Bespaq v. Hao Shen Trading, Case No. C-04-3698-PJH

(Because Plaintiff states that it ended its association with Anhwei in early 2002 (see, Exh. 4 to Cpt.), it is doubtful that Anhwei would have had any trade secret-protectable pricing or marketing data anyway.)

With this unsupported throw-away trade secret misappropriation claim, Plaintiff seeks to intimidate Defendants with threats of attorneys fees and punitive damages. In the absence of any facts (or even allegations), this claim should be dismissed. In the alternative, given the very serious nature of this claim, Plaintiff should be ordered to provide a more definite statement for this claim.

Dated: November 10, 2004               SEDGWICK, DETERT, MORAN & ARNOLD LLP

By _____
James Yuanxin Li
Attorneys for Defendants HAOSHEN
TRADING CO., LTD. and GERALD J. FORD

### DECLARATION OF JAMES YUANXIN LI IN SUPPORT OF MOTION

1. I, James Yuanxin Li, am an attorney with the law firm of Sedgwick, Detert, Moran & Arnold LLP, attorneys of record for Defendants HAOSHEN TRADING CO., LTD. and GERALD J. FORD. I have personal knowledge of the facts contained in this declaration and, if called upon to do so, can testify competently to the truth of these facts.

2. I counted the number of miniatures in the pictures attached as Exhibit 1 to the Complaint. With the aid of an magnifying glass, I was able to count 366 individual pieces in the pictures.

3. Attached as Exhibit A is a true and correct copy of the Copyright Office's "Deposit Requirements for Registration of Claims to Copyright in Visual Arts Material," Circular 40A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of November 2004 in San Francisco, California.

_____
James Yuanxin Li





**Copyright** United States Copyright Office

# Deposit Requirements for Registration of Claims to Copyright in Visual Arts Material

## In General

To register a claim to copyright in a work of the visual arts, submit a properly completed application Form VA, a nonrefundable filing fee of $30*, and an appropriate deposit, generally one complete copy of the work if unpublished, two complete copies of the best edition if the work was first published in the United States, or, for certain types of works, identifying material instead of actual copies.

This circular presents a simplified version of the deposit requirements for registration of claims to copyright in visual arts material. It should be viewed only as a basic guide. The items given on pages 2, 3, and 4 are only examples and are not meant to be restrictive. For more detailed information, see CFR 202.19, 202.20, and 202.21 (*www.copyright.gov/title37/202/37cfr202-19.html*), which contains the deposit regulations of the Copyright Office.

## Basic Definitions

### Complete Copy

A "complete copy" of an *unpublished* work is a copy that represents the complete copyrightable content of the work being registered. A complete copy of a *published* work is one that contains all elements of the unit of publication, including those which, if considered separately, would not be copyrightable subject matter. The copies deposited for registration should be physically undamaged.

### Best Edition

The "best edition" is the edition published in the United States at any time before the date of deposit in the Copyright Office that the Library of Congress determines to be most suitable for its purposes. Generally, when more than one edition is available, the best edition is: larger rather than smaller; color rather than black and white; and printed on archival-quality rather than less-perma-

---

*NOTE: Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

# EXHIBIT A

⑦

nent paper. Request Circular 7B, *"Best Edition" of Published Copyrighted Works for the Collections of the Library of Congress*, for additional information.

### *Identifying Material (I.D. Material)*

"Identifying material" or "I.D. material" generally consists of two-dimensional reproduction(s) or rendering(s) of a work in the form of photographic prints, transparencies, photocopies, or drawings that show the complete copyrightable content of the work being registered.

## Specifications for Visual Arts Identifying Material

Copyright Office regulations require the deposit of identifying material instead of copies for three-dimensional works and for works that have been applied to three-dimensional objects. Examples of such works include sculpture, toys, jewelry, artwork on plates, and fabric or textile attached to or part of a three-dimensional object such as furniture. Identifying material must also be submitted for any pictorial, graphic, or sculptural work that exceeds 96 inches in any dimension.

In certain cases, identifying material is permitted; in other cases, it is required. (See chart.) Identifying material should meet the following specifications:

- **Type of identifying material:** The material should consist of photographic prints, transparencies, photocopies, drawings, or similar two-dimensional reproductions or renderings of the work, in a form visually perceivable without the aid of a machine or device.

- **Color or black and white:** If the work is a pictorial or graphic work, the material should reproduce the actual colors employed in the work. In all other cases, the material may be in black and white or may consist of a reproduction of the actual colors.

- **Completeness:** As many pieces of identifying material should be submitted as are necessary to show clearly the entire copyrightable content of the work for which registration is being sought.

- **Number of sets:** Only one set of complete identifying material is required. NOTE: With respect to three-dimensional holograms, please write the Copyright Office for additional information.

- **Size:** Photographic transparencies must be at least 35mm in size and, if 3-inch by 3-inch or less, must be fixed in cardboard, plastic, or similar mounts; transparencies larger than 3-inch by 3-inch should be mounted. All types of identifying material other than photographic transparencies must be not less than 3-inch by 3-inch and not more than 9-inch by 12-inch, but preferably 8-inch by 10-inch. The image of the work should show clearly the entire copyrightable content of the work.

- **Title and dimension:** At least one piece of identifying material must give the title of the work on its front, back, or mount and should include an exact measurement of one or more dimensions of the work.

### *Copyright Notice*

Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional.

For a work published with notice of copyright, the notice and its position on the work must be clearly shown on at least one piece of identifying material. If necessary because of the size or position of the notice, a separate drawing or similar reproduction may be submitted. Such reproduction should be no smaller than 3-inch by 3-inch and no larger than 9-inch by 12-inch and should show the exact appearance and content of the notice and its specific position on the work. For more information about copyright notice, request Circular 3, *Copyright Notice*.

| Nature of Work | Required Deposit | |
|---|---|---|
| | Published | Unpublished |
| **Two-Dimensional Works** | | |
| Advertisements (pictorial) | 1 copy as published or pre-publication camera-ready copy | 1 photocopy, proof, drawing, copy, or layout |
| Artwork for bed, bath, and table linens or for wearing apparel (For example heat transfers or decals already applied to T-shirts) | I D. material preferred in all cases, I D material required if copy cannot be folded to 4" thickness or less, 1 copy permitted if it can be folded to 4" thickness or less | same as published |
| Blueprints, architectural drawings, mechanical drawings, diagrams | 1 complete copy | 1 copy |
| Book jackets or record jackets | 1 complete copy | 1 copy |
| Commercial print published in newspaper or other periodical | 1 copy of entire page or pages | |
| Commercial print or label (For example flyers, labels, brochures, or catalogs used in connection with the sale of goods or services) | 1 complete copy | 1 copy |
| Contributions to collective works (photographs, drawings, cartoons, etc, published as part of a periodical or anthology) | 1 complete copy of the best edition of entire collective work, complete section containing contribution if published in newspaper, entire page containing contribution, contribution cut from the newspaper, or photocopy of contribution as it was published | |
| Fabric, textile, wallpaper, carpeting, floor tile, wrapping paper, yard goods (If applied to a three-dimensional work, see below) | 1 complete copy (or swatch) showing the design repeat and copyright notice, if any | 1 complete copy (or I D material if the work has not been fixed in repeat) |
| Fabric emblems or patches, decals or heat transfers (not applied to clothing), bumper stickers, campaign buttons | 1 complete copy | 1 copy or I D material |
| Greeting cards, picture postcards, stationery, business cards, calendars | 1 complete copy | 1 copy or I D material |
| Holograms | 1 actual copy if image is visible without the aid of a machine or device, otherwise 2 sets of display instructions and 2 sets of I D material showing the displayed image | 1 copy or display instructions and I D material of image |
| Maps or cartographic material | 1 copy of CD-ROM if work published in that format; otherwise, 2 complete copies | 1 copy of CD-ROM if work fixed in that format, otherwise, 1 complete copy or I D material |
| Patterns, cross-stitch graphs, stitchery brochures, needlework and craft kits | 1 complete copy | 1 copy or I D material |
| Pictorial or graphic works (For example artwork, drawings, illustrations, paintings) | 2 complete copies | I D material |
| Pictorial or graphic works fixed only in machine-readable form | I D material | 1 copy or proof, photocopy, contact sheet |
| Posters, photographs, prints, brochures, exhibition catalogs | 2 complete copies | |
| **Three-Dimensional Works** | | |
| "Limited edition" posters, prints, or etchings (published in quantities of fewer than 5 copies, or 300 or fewer numbered copies if individual author is owner of copyright) | 1 copy or I D material | |
| Oversize material (exceeding 96" in any dimension) | I D material | I D material |
| Artwork or illustrations on 3-D objects (For example artwork on plates, mugs) | I D material | I D material |
| Fabric or textile attached to or part of a 3-D object (such as furniture) | I D material | I D material |
| Games | 1 complete copy if container is no larger than 12" x 24" x 6"; otherwise, I D material | 1 copy if container is no larger than 12" x 24" x 6" or I D material* |
| Globes, relief models, or relief maps | 1 complete copy including the stand (I D material not acceptable) | 1 complete copy or I D material* |
| Jewelry | I D material or 1 copy if fixed only in the form of jewelry cast in base metal not exceeding 4" in any dimension | same as published |
| Pictorial matter and/or text on a box or container that can be flattened (contents of container are not claimed) | 1 copy of box or container if it can be flattened or 1 paper label | 1 copy or I D material* |
| Prints or labels inseparable from a three-dimensional object (For example silk screen label on a bottle) | I D material | I D material |
| Sculptures, toys, dolls, molds, relief plaques, statues | I D material | I D material |
| Sculpture (For example: doll) in a box with copyrightable pictorial and/or textual material; claim in sculpture and artwork/text | I D material for sculpture plus 1 copy of box and any other printed material | I D material for sculpture plus copy of box or I D material* |
| Oversize material (exceeding 96" in any dimension) | I D material | I D material |
| | **Unconstructed Building** | **Constructed Building** |
| **Architectural Works** | | |
| To be eligible for copyright protection, an architectural work must have been created on or after December 1, 1990, or have been unconstructed and embodied only in unpublished drawings as of that date (Request Circular 41, *Copyright Claims in Architectural Works*, for more information ) | 1 complete copy of an architectural drawing or blueprint showing the overall form of the building and any interior arrangement of spaces and/or design elements in which copyright is claimed | 1 complete copy as described at left plus I D material in the form of photographs clearly identifying the architectural work being registered |

*Because storage space is limited, the Copyright Office prefers I.D. material rather than a copy in these cases

⑨

## For Further Information

### Information via the Internet

Frequently requested circulars, announcements, regulations, other related materials, and all copyright application forms are available via the Internet. You may access these from the Copyright Office website at *www.copyright.gov*.

### Information by fax

Circulars and other information (but not application forms) are available by using a touchtone phone to access Fax-on-Demand at (202) 707-2600.

### Information by telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. The TTY number is (202) 707-6737. Information specialists are on duty from 8:30 a.m. to 5:00 p.m., eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. Leave a recorded message.

### Information by regular mail

Write to:
*Library of Congress*
*Copyright Office*
*Publications Section, LM-455*
*101 Independence Avenue, S.E.*
*Washington, D.C. 20559-6000*

U.S. Copyright Office · The Library of Congress · 101 Independence Avenue, SE · Washington, DC 20559-6000 · www.copyright.gov

CIRCULAR 40A   PRINT REV 01/2004—30,000   WEB REV 01/2004   Printed on recycled paper      U S GOVERNMENT PRINTING OFFICE 2004-304-447/60,076

(10)

| | |
|---|---|
| 1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| | WARREN KRAUSS  Bar No. 49568 |
| 2 | JAMES YUANXIN LI  Bar No. 135128 |
| | One Embarcadero Center, 16th Floor |
| 3 | San Francisco, California 94111-3628 |
| | Telephone: (415) 781-7900 |
| 4 | Facsimile: (415) 781-2635 |
| 5 | OTTO O. LEE (California State Bar No. 173987) |
| | YULIA POGODINA (California State Bar No. 226290) |
| 6 | MARIE GRACE CAPUYAN (California State Bar No. 226862) |
| | INTELLECTUAL PROPERTY LAW GROUP LLP |
| 7 | 12 South First Street, Twelfth Floor |
| | San Jose, California 95113 |
| 8 | Telephone: (408) 286-8933 |
| | Facsimile: (408) 286-8932 |
| 9 | |
| | Attorneys for Defendants |
| 10 | HAOSHEN TRADING CO., LTD. |
| | and GERALD J. FORD |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BESPAQ, Corp., | CASE NO. C-04-3698-PJH |
| Plaintiff, | |
| v. | [PROPOSED] ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT |
| HAO SHEN TRADING CO., LTD. dba SHANGAI HANSON INDUSTRIAL CO., LTD. dba HANSSON Inc., dba, HAOSHEN; ANHWEIN HUAMEI ART PRODUCT CO., LTD dba ANHUI ART PRODUCTS; GERALD FORD dba MINIATURE FURNITURE; AND DOES 1-100, inclusive, | JUDGE:   Judge Phyllis J. Hamilton<br>DEPT:    Courtroom 3, 17th Floor<br>DATE:    December 22, 2004<br>TIME:    9:00 a.m. |
| Defendants. | |

-2-

1  GOOD CAUSE APPEARING, it is hereby ordered as follows:

2       1.   Claims 1 to 5 and 8 Plaintiff's complaint are dismissed on the ground that the

3  Complaint fails to state claims upon which relief can be granted. Dismissal is ordered [without]

4  [with] leave to amend.

5       [Alternatively,]

6       1.   Plaintiff shall amend its Complaint and shall provide a more definite statement for

7  Claims 1 to 5 and 8 of its Complaint.

8       SO ORDERED.

9  Dated: December ___, 2004

11                              By _____
                                    Hon. Phyllis J. Hamilton