**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BESPAQ CORP.,

        Plaintiff,                     No. C 04-3698 PJH

    v.                             **ORDER GRANTING DEFENDANTS'
                                      MOTION TO DISMISS**

HAOSHEN TRADING CO., et al.,

        Defendants.
_____/

    Before this court is defendants Haoshen and Ford's motion to dismiss.[1]  Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS the motion for the reasons that follow.[2]

## BACKGROUND

    Defendants Haoshen and Gerald Ford have been sued for copyright and trademark infringement, trade secret misappropriation, and unfair competition by BESPAQ, concerning their manufacture and sale of miniature dollhouse furniture.[3]  Defendants now claim that the complaint either fails to state a claim or is so vague as to require dismissal under Rule 12.

## DISCUSSION

_____

    [1]    Pursuant to Civil Local Rule 7-13, this order may not be cited except as provided by Civil Local Rule 3-4(e).

    [2]    The court finds this motion appropriate for decision without oral argument as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78.  See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992).  The January 5, 2005 hearing is VACATED.

    [3]    Defendant Anhwei Huamei Art Products does not yet appear to have been served.

**United States District Court**
For the Northern District of California

A.    Legal Standard

1.    Motion to Dismiss

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

2.    Motion for More Definite Statement

Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement if the pleading to which the party must respond "is so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading."  Motions for more definite statements are disfavored in light of the liberal pleading standards of Rule 8, and should not be granted unless the moving party "literally cannot frame a responsive pleading."  Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).

B.    Copyright Claims

BESPAQ alleges that defendants infringe the copyrights on the 366 pieces of miniature furniture that BESPAQ manufactures and sells.  However, defendants contend that BESPAQ provided only a copy of the 2000 BESPAQ catalog containing small-scale photographs of the miniature furniture in support of its copyright application, and not the actual miniature furniture items themselves.  Defendants claim that registration rules of the Copyright Office require that in order to register a copyright in the actual furniture, BESPAQ must submit photographs of the furniture which meet certain minimum size requirements and clearly show the copyrightable details of the furniture.  Thus BESPAQ has not properly registered a copyright in the actual furniture.  Alternatively, defendants claim that BESPAQ has not adequately pled in the complaint what specific material is copyrighted and what of defendants' work infringes, which does not give them sufficient information to prepare their response.

United States District Court

For the Northern District of California

1  BESPAQ claims in response that its complaint provides sufficient detail pursuant to Fed. R.

2  Civ. P. 8 and 12 to survive a motion to dismiss.

3      Pursuant to 17 U.S.C. § 411(a), an action for copyright infringement cannot be filed until

4  the works at issue have been registered with the copyright office.  BESPAQ admits that its

5  complaint alleges a filed copyright registration only for its 2000 catalog.  However, BESPAQ

6  claims that by registering the catalog, it has necessarily also registered a copyright for all the

7  photographs of the individual works contained within the catalog, as well as for the individual

8  works themselves.  Complaint ¶ 16.[4]

9      While the Ninth Circuit has not decided this issue, the Second Circuit has determined

10  that in general, a registered copyright in a derivative work (such as a catalog containing

11  photographs of items) necessarily encompasses all the original works within the derivative

12  work, if the owner of the copyright in the derivative work also holds all ownership rights in the

13  original works upon which the derivative works are based.  Streetwise Maps, Inc. v. Vandam,

14  Inc., 159 F.3d 739, 746-47 (2d Cir. 1998) (owner of registered copyright in 1989 map

15  claiming infringement of 1985 version of same map).  Thus, BESPAQ, which has alleged that

16  it owns the copyrights for the catalog, the photographs, and the miniatures, should theoretically

17  be entitled to file suit based on any of those original works upon which the catalog is based,

18  under 17 U.S.C. § 411(a).[5]

19      However, in order for the registration to apply, BESPAQ must also be able to show that

20  _____

21      [4]     BESPAQ also requests that the court take judicial notice of what appear to be

22  additional copyright registrations for other catalogs that were subsequently filed and accepted
   by the Copyright Office.  Request for Judicial Notice Exh. 1.  The proper way to include these

23  registrations in the lawsuit would be a supplemental complaint, for which BESPAQ has not
   moved, so the court does not consider the other registrations for the purpose of this motion to
   dismiss.

24      [5]     However, in Streetwise, the plaintiff had marked on its copyright application for the

25  subsequent map that the copyright registration was intended to cover all preexisting works upon
   which the map in question had been derived. 159 F.3d at 746.  BESPAQ did not complete that

26  section, question 6, on any of its applications.  Complaint Exh. 1 (copyright registrations); see
   also I.M.S. Inquiry Mgmt. Syst. v. Berkshire Information Syst., 307 F.Supp.2d 521, 530 (S.D.N.Y.

27  2004).  Nonetheless, because BESPAQ did indicate that the registration was intended to cover
   three-dimensional sculptures, two-dimensional artworks, and photographs, the court will presume

28  for the purposes of this motion that the registrations cover all the preexisting works contained
   within the catalog.

**United States District Court**
For the Northern District of California

the catalog in question "cover[s] the content and matter that was allegedly infringed." I.M.S. Inquiry, 307 F.Supp. 2d at 529 (registration of catalog insufficient to permit suit when plaintiff does not clearly identify the preexisting work featured in the catalog upon which the suit is based). Here, BESPAQ does not identify which preexisting works in the registered catalog have been infringed by the defendants. Therefore, on the face of the complaint, the court cannot determine whether the registered catalog depicts any individual piece of miniature furniture at issue in this suit.

Analogously, the court also cannot determine whether BESPAQ is attempting to allege copyright infringement of any items not contained in the registered catalog, such as works subsequently created after its publication. Those works will obviously not be encompassed by BESPAQ's copyright registration, and thus the court would not have jurisdiction to hear claims of copyright infringement based on those items until the registrations are filed with the Copyright Office and cited in the complaint. See, e.g., Zito v. Steeplechase Films, Inc., 267 F.Supp. 2d 1022, 1025 (N.D. Cal. 2003) (work must be registered before suit can be filed, but failure to register can be cured at any time by subsequent registration). Thus, the complaint is too vague and a more definite statement must be provided under Rule 12(e).

However, defendants' argument that they cannot be held liable for any works allegedly infringing the 2000 catalog because BESPAQ did not register the copyright until 2003 is incorrect. The copyright exists in the work as soon as it is created, and defendants remain liable for any infringement of the work, whether the work is registered with the copyright office or not. See, e.g., 17 U.S.C. §§ 102, 408. The effect of registering the copyright after infringement had begun, however, means that BESPAQ is no longer entitled to statutory damages or attorneys' fees. 17 U.S.C. § 412. BESPAQ may pursue its infringement claims and all other available damages. See, e.g., Mackie v. Rieser, 296 F.3d 909, 911 (9th Cir. 2002), cert. denied, 537 U.S. 1189 (2003).

BESPAQ's complaint is thus dismissed, with leave to amend. BESPAQ may either amend its current complaint to clarify the allegations concerning the copyrighted items in the 2000 catalog only, or it may move to supplement the complaint to add new allegations

**United States District Court**
For the Northern District of California

1    concerning the additional catalogs it claims to have registered with the Copyright Office, as

2    well as clarifying the claims concerning the 2000 catalog.

3             2.    Trademark Claims

4        Defendants next argue that BESPAQ has failed to state either a trade dress or

5    trademark infringement claim, because BESPAQ has failed to describe its trade dress

6    adequately and because the complaint contains no allegations that defendants used the term

7    "BESPAQ" in an infringing manner.

8             a.    Trade Dress

9        To state a claim for trade dress infringement, BESPAQ must plead facts showing  "1)

10   that its claimed dress is nonfunctional, 2) that its claimed dress serves a source-identifying

11   role either because it is inherently distinctive or has acquired secondary meaning, and 3) that

12   [defendants'] product or service creates a likelihood of consumer confusion." <u>Clicks Billiards</u>

13   <u>Inc. v. Sixshooters Inc</u>., 251 F.3d 1252, 1258 (9th Cir. 2001).  Here, BESPAQ has claimed

14   that it has a distinctive and nonfunctional trade dress which customers associate with its

15   products, and that defendants' products have a sufficiently similar "look and feel" that

16   consumers are confused.  While BESPAQ's allegations describing its trade dress are

17   somewhat conclusory, given the difficulty in describing the nature of trade dress in general, the

18   court finds that BESPAQ has adequately pled this cause of action.  The court expresses no

19   opinion, however, on whether this conclusory description will withstand summary judgment.

20            b.    Trademark Infringement

21       Defendants next claim that no allegations in the complaint support BESPAQ's state law

22   trademark infringement claim concerning the term "BESPAQ."  To state a claim for trademark

23   infringement, BESPAQ must plead facts showing that the term "BESPAQ" is associated with

24   BESPAQ's services and thus a valid trademark, and that defendants are using the term in a

25   way likely to cause consumer confusion.  <u>Mallard Creek Industries, Inc. v. Morgan</u>, 56 Cal.App.

26   4th 426, 433 (1997) (elements of state law claim identical to federal claim).

27       Here, while the complaint can fairly be read as having adequately pled the validity of

28   BESPAQ's trademark rights in the term "BESPAQ," defendants are correct that the complaint

does not contain any allegations concerning any use of that term by the defendants. This claim must thus be dismissed, with leave to amend to permit BESPAQ an opportunity to add allegations of any use to the complaint.

3.      Trade Secret Claim

Finally, defendants claim that BESPAQ's trade secret misappropriation claim should be dismissed because BESPAQ does not plead facts showing that defendants used any of BESPAQ's proprietary information. BESPAQ claims in response that the complaint can be read to imply that defendants Haoshen and Ford were given improper access to BESPAQ's proprietary information from (unserved) defendant Anhwei.

To state a claim for trade secret misappropriation, BESPAQ must plead facts showing that defendants were "unjustly enriched by the improper appropriation, use, or disclosure of a 'trade secret.'" MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520-21 (9th Cir. 1993); Cal. Civ. Code §§ 3426-3246.10 (requiring that to be considered a trade secret, information at issue must gain value from not being widely known and is the subject of efforts to keep secret).

BESPAQ's complaint conclusorily alleges that defendants Haoshen and Ford improperly used BESPAQ's customer lists and pricing information, and that Haoshen additionally misappropriated BESPAQ's marketing strategies. Complaint ¶ 106. However, defendants are correct that the complaint only contains factual allegations that Haoshen and Ford copied their public photographs and have set their prices at exactly half of BESPAQ's publicly-announced prices. Complaint ¶¶ 35, 36. There is no information about Haoshen or Ford obtaining improper access or unjustly benefiting from proprietary customer lists, pricing information, or marketing strategies mentioned in the remainder of the complaint. This fails to state a claim for trade secret misappropriation. See, e.g., Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss").

The trade secret misappropriation claim is therefore dismissed, though BESPAQ is

United States District Court
For the Northern District of California

granted leave to amend.[6]

C.    Conclusion

The motion to dismiss is GRANTED, with leave to amend.  BESPAQ shall file an amended complaint, or shall file a motion to supplement the complaint no later than 20 days after the filing of this order, in accordance with the guidelines set forth herein.  If the parties stipulate to supplementation, BESPAQ shall file a supplemental amended complaint no later than 20 days after the filing of this order.  This order fully adjudicates the matter listed at no. 46 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: January 3, 2005

/s/_____
PHYLLIS J. HAMILTON
United States District Judge

_____

[6]    While the court understands that trade secrets by their nature cannot be fully disclosed in a public complaint, the complaint here fails not because BESPAQ does not disclose the nature of the trade secrets at issue but rather because BESPAQ does not plead any facts showing that Haoshen and Ford used BESPAQ's proprietary information at all.

**United States District Court**
For the Northern District of California